Statement of Facts.

[No. 3,440.]

## ROSS and FRANCIS *v.* CORNELL.

Suit at Law by One Partner Against Another.—If a copartner, even by consent, retires from the firm of which he is a member, a suit at law cannot be maintained against him by the members who remain in the firm, for money alleged to be due from him to them in the copartnership transactions, unless there has been a final settlement of all the firm accounts and a balance has been struck.

Idem.—In such case, if there are two or more members who remain in the firm, they cannot maintain a joint action at law against the member who retired from the firm.

Effect of One of Several Partners Retiring from the Firm.— If, in a case where there are several members of a partnership, one of them, even by consent, retires from the firm, this dissolution necessarily severs the copartnership relations of each of its members.

What Necessary, for Partner to Sue Copartner at Law.—It may not be necessary, in order to enable a partner to maintain an action at law against a copartner, or one who has been such, to show an express promise to pay a sum ascertained as a balance due, but the balance itself must be one which has been ascertained by the act of all the partners, and agreed to as constituting such balance.

Appeal from the District Court of the Seventh Judicial District, County of Mendocino.

The complaint averred that plaintiffs were, and since March 29th, 1869, had been partners in the manufacture and sale of lumber, and that plaintiff Ross and defendant Cornell, on the 4th day of January, 1867, formed a partnership in the same business, and that July 18th, 1867, they admitted plaintiff Francis into the firm, with the agreement that his interest and liability should relate back to the day the partnership was formed; and that, on the 26th of March, 1869, defendant Cornell, with the consent of the plaintiffs, retired from the firm, and the firm was dissolved; and that, at the dissolution, the firm owned a steam mill, about six hundred thousand feet of sawed lumber, eight yoke of oxen, two milk cows, and such tools as were necessary in the business; and that plaintiffs bought defendant's interest in all

the partnership property except the sawed lumber, and gave him their note for one thousand eight hundred and fifty dollars; and that there was no other settlement of the affairs of the firm; and that, at the time, defendant owed the plaintiffs, upon partnership and expense account, six hundred and thirty-one dollars and twenty-three cents, which was left unsettled and unpaid—which sum was for advances made by plaintiffs in excess of their share; and that the firm was also indebted to various persons on account of partnership business, and that defendant left the lumber in plaintiffs' custody, to be sold by them, and to apply the proceeds to pay firm debts, and the balance, if any, of defendant's portion, on his indebtedness to the firm; and that plaintiffs sold the lumber, but the proceeds failed to pay the partnership debts, and plaintiffs had paid the balance of firm debts—three hundred and fifty-eight dollars and five cents—out of their own means.

Judgment was asked for one thousand twenty-two dollars and two cents, the amount alleged to be due plaintiffs. The plaintiffs recovered judgment, and defendant appealed.

*Frank O'Connor*, for Appellant.

Partners cannot sue one another at law for any of the business or undertakings of the copartnership; this can be done only in chancery asking a dissolution and an account. (*Russell* v. *Ford*, 2 Cal. 86; *Stone* v. *Fousse*, 3 id. 294; *Nugent* v. *Locke*, 4 id. 320; *Barnstead* v. *Emp. Mining Co.*, 5 id. 299; 1 E. D. Smith, 215; 1 Parsons on Contracts, 163.)

Partnership debts must first be paid from partnership property before any portion of it can be applied to the payment of the individual debt of a copartner. (*Burper* v. *Bunn*, 22 Cal. 194; Story on Contracts, Sec. 215.)

The doctrine is well established that during the existence of partnership, or even after its dissolution, but before the

business is wound up and a final balance ascertained, no action at law will lie between the partners. (*Haskell* v. *Adams*, 7 Pick. 59; *Williams* v. *Henshaw*, 12 id. 378; *Cary* v. *Bruth*, 2 Carnes, 293; *Murray* v. *Bogart*, 14 John. 318; *Westula* v. *Evertson*, 1 Wend. 532; *Clark* v. *Dibble*, 16 id. 601; *Paine* v. *Thatcher*, 25 id. 450; *Griggs* v. *Clark*, 23 Cal. 427; 1 Parsons on Contracts, 164, Notes P and Q; Collyer on Partnership, 174, 175; *Holmes* v. *Higgins*, 1 B. & C. 76.)

Upon the dissolution of the copartnership, the defendant admitting that he was indebted to the firm in the sum of six hundred and thirty-one dollars, as alleged and as found by the Court, would owe Ross one third, Francis one third, and himself (Cornell) one third of that sum; but neither the fact that he owed Ross and Francis each one third of that sum, nor the further fact that Ross and Francis subsequently formed a new copartnership, would give them a joint cause of action against Cornell for two thirds of the sum due.

*W. W. Pendegast* and *J. B. Lamar*, for Respondents.

A balance having been ascertained and struck, the partner in whose favor it is found can sue the other at law after dissolution, if the other promises to pay. (*Gulick* v. *Gulick*, 2 Green, N. J. 578; *Byrd* v. *Fox*, 8 Mo. 574.) And the promise need not be expressed, but may be implied, as in any other contract. (*Wray* v. *Milestorn*, 5 M. & W. 21; *Fanning* v. *Chadwick*, 3 Pick. 423; *Rackstraw* v. *Imber*, Holt, 368.)

Now here it is distinctly alleged that Cornell, at the time of his withdrawal from the firm, owed this amount of money— that is, that he was that much behind with his partners on the expense account. This was the balance due them from him; and the law implies that he promised to pay it.

After Cornell withdrew from the firm he became a tenant in common with his former partners in the ownership of the sawed lumber in the yard. That one tenant in common can

sue another for services rendered in behalf of the common property is too plain to require either argument or authority, and that, too, in the absence of any express promise to pay.

By the Court:

Upon looking into the record we are of opinion that the action cannot be maintained. The accounts of the copartnership in which the defendant and the plaintiffs had been concerned for some two years, do not appear to have been settled and a final balance ascertained—certainly not within the rule which permits a suit at law for the recovery of such balance. The complaint itself sets forth several matters which appear to be yet unsettled: the sale of the interest of the defendant in the sawed lumber, by the plaintiffs; the expenses attending the sale of the same; the amount raised thereon; how it was applied; whether it was sufficient to pay off the outstanding indebtedness, etc. Besides, it is not easy to see upon what principle the plaintiffs are to maintain a joint action at law against the other member of the late firm. The dissolution of the copartnership necessarily severed the copartnership relations of each of its members.

It may not at this day be necessary, in order to maintain an action at law against a copartner, or one who had been such, to show an *express promise* to pay a sum of money already ascertained as the balance due, but it is necessary that the balance itself must be one which has been ascertained by the act of *both parties*—in other words, agreed to as constituting a balance due.

Judgment reversed and cause remanded.