[No. 3891.]

## PHILIP WAGNER *v.* HENRY WAGNER.

PARTNERSHIP ACCOUNTS.—If partners agree that the partnership shall be dissolved and the business closed, and that the partnership accounts shall be considered and taken as if the partnership had never existed, and that the amount already received by one partner from the partnership shall be his compensation paid by the other partner to him as an employee, and that the other partner shall collect the debts due the firm, and pay the debts due by the firm, and the agreement is acted on; the partner who receives the compensation as an employee has no further interest·in the partnership accounts, and cannot maintain an action for a settlement of such accounts.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The partnership commenced on the 2d day of February, 1869, and was dissolved on the 1st day of November, 1869. The business of the firm was keeping a meat market and buying and selling meats. The defendant owned the shop and the tools and personal property, which were used in carrying on business. When they agreed to dissolve, they had ·an accounting of their affairs, and ascertained that the profits had been about one hundred and thirty dollars per month, including bills due the firm. The firm debts were about seven hundred dollars. The exact state of the accounts was not ascertained. The plaintiff had received from the firm four hundred and thirty-two dollars, and then received sixty dollars more, and thereupon the agreement mentioned in the opinion was entered into. The defendant paid the firm debts. Judgment was rendered for the defendant, and the plaintiff appealed.

*Provines & Johnson,* for the Appellant.

*R. P. & Jabish Clement,* for the Respondent.

By the Court, CROCKETT, J.:

The action is for the settlement of a partnership account and for the recovery of three hundred dollars, alleged to have been loaned by the plaintiff to the defendant after the

dissolution of the firm. Amongst other defenses, the answer avers that at the expiration of about nine months after the co-partnership commenced business, it was agreed that the firm should be dissolved, and the business thereof closed, and that as between the said partners the accounts should be considered and taken as if the partnership had never existed, and the amount received by the plaintiff from the partnership funds should be considered and taken by him as compensation paid by the defendant to him as an employee of the defendant; and that the defendant should collect all the outstanding credits, and pay all the outstanding debts of the firm, and the plaintiff should be free from all liability on account thereof. It is further averred that, acting on this agreement, the defendant has collected the credits and paid the debts of the firm. These averments were supported by the evidence of the defendant, testifying as a witness on his own behalf, and the referee finds them to be true. The plaintiff, however, testified to the contrary; but it was for the referee to decide upon the credibility of the witnesses. Assuming these to be the facts, it is clear the plaintiff has no interest in the partnership accounts.

As to the three hundred dollars claimed to have been loaned, there was a substantial conflict in the testimony, and we cannot disturb the finding on the ground that it was not justified by the evidence.

Order and judgment affirmed. Remittitur forthwith.

Mr. Chief Justice WALLACE did not express an opinion.