[No. 5307.]

## A. J. CURRY v. OSCAR WHITE, GEO. O. McMULLEN AND JAMES D. ROUNDTREE.

AUTHORITY OF PARTNER.—One member of a partnership cannot bind his co-partner by a promissory note for a partnership demand, made after the dissolution of the partnership.

APPEAL from the District Court, Eighteenth Judicial District, County of San Bernardino.

On the sixteenth day of January, 1869, the defendants formed a partnership in the manufacture of wine, to continue until the first day of January, 1873. The business was conducted under the name of White alone, and McMullen and Round-tree were secret partners. In August, 1870, the plaintiff sold White wine casks, and in August, 1871, sold him other wine casks. In April, 1873, White paid on the accounts $766, and, April 3, 1873, gave the plaintiff his promissory

note for the balance, to wit., $623 65. The plaintiff did not know that McMullen and Roundtree were partners of White until April, 1873. He brought this action on the account as well as on the note. The court rendered judgment for the plaintiff, and the defendants, McMullen and Roundtree, appealed from the judgment and from an order denying a new trial.

*Henry M. Willis,* for Appellants.

Admitting that a partnership existed, defendants, McMullen and Roundtree, were discharged by the plaintiff's taking the individual obligation of Oscar White after the time limited for the duration of the firm. (Colyer on Partnership, 446, 447. Story on Partnership, secs. 541, 134. Note to Smith's Leading Cases, 987. Parsons on Partnership, 128. *Scott* v. *Dauly,* 12 Ala., 714.)

*John W. Satterwhite and Byron Waters,* for the Respondent.

Respondent could, with great plausibility, argue that R. & M. are liable on the last note given, because White was the managing partner of the firm, he had full authority from that fact to settle up and liquidate the partnership debts. From that fact it is *prima facie* that he had full power to do every thing necessary, even to give a promissory note. (Parsons' Partnership, p. 388 et seq. 1 Parsons' Notes and Bills, p. 144 et seq. Civil Code, sec. 2,462.)

But the judgment against Roundtree & McMullen is not entered upon that assumption, but on the ground that the note last given and set out in the complaint is evidence proving the state of accounts between the plaintiff and defendants at that date and that plaintiff is entitled to recover of defendants the sum of $625 65-100, the principal sum of the note and legal interest from that date. To sustain this proposition we refer to *Feigley* v. *Whitaker,* (10 Am. R., 781. Same case in 22 Ohio, 606. 2 Kent Com., 50.)

By the Court:

The defendants, McMullen and Roundtree, are not responsible upon the note in the case, which was made after the

dissolution of the partnership. Nor are they responsible upon the original account, because the same was barred by the Statute of Limitations.

Judgment and order reversed as to the defendants, Mc-Mullen and Roundtree.