John T. Wilson, Respondent, v. Helen M. Simpson et al., Executors, etc., impleaded, etc., Appellants.

(Argued March 3, 1882; decided June 13, 1882.)

This action was brought to settle the accounts of the firm of John T. Wilson & Co., which firm was composed of the plaintiff, Alexander Simpson, defendant's testator, and James W. Emery. Simpson died October 24, 1873. The following extract from the opinion presents the point prominently urged, and the views of the court thereon :

" The defendants' counsel insists that the referee was in error in holding that Wilson and Emery were not bound to account for any of the profits of the business conducted by them after the 31st of December, 1873. Alexander Simpson, the testator, died on the 24th day of October previous to. the last-named date. Under ordinary circumstances the death of one of the partners terminates the copartnership." (3 Story on Part., § 343 ; 3 Kent Com. [1st ed.] 55.)

A community of interest still existed, however, between the survivors and the representatives of the deceased partner, and the latter has a right to insist upon the application of the joint property to the payment of the joint debts, and a distribution of the surplus. Until this is done the copartnership has a limited continuance. (3 Kent [1st ed.], 57.)

There was no provision in the articles of copartnership in conflict with the general rule of law which we have stated.

The first clause made provision that it should continue "for so long a time as they " (the partners) shall severally mutually agree thereto." The eleventh clause declared that in case of death it "shall not necessarily be dissolved, but the said partnership may be continued with the survivors jointly with the executrix of such deceased partner or the assignee." There is nothing compulsory in either of these clauses and no obligation was thereby imposed.

While it might be continued by the voluntary agreement of the parties no legal right existed which could be enforced in law or equity where either party indicated a desire that the affairs of the partnership should be closed up. If the business had been conducted by the survivors in the copartnership name, and profits were realized, it may well be that the partners acting would be bound to account for the same, and the representatives of the deceased partner would be entitled to a share thereof. Whether this was done 'and the plaintiff was liable to account upon any such basis is the first subject of inquiry upon this appeal.

There was evidence showing that at a very early period after the decease of Simpson the surviving members of the firm indicated their wishes that the partnership should not be continued, and their opposition to a continuance of the business with the executors. And on the 25th of November the plaintiff wrote a letter to Mrs. Simpson, to the effect that a dissolution of the co-partnership should take place in the immediate future. Upon the 26th of December, 1873, a letter was written at plaintiff's request, by Mr. Townsend to Mrs. Simpson, stating the terms upon which the plaintiff was willing to take the testator's interest in the business. Several checks were afterwards sent by the plaintiff to Mrs. Simpson, signed in the name of the old firm with the additional words "in liquidation," the money on which was received by Mrs. Simpson with objection, however, to this dissolution. There was also other evidence, including the testimony of the counsel of Mrs. Simpson, which showed that the business, which was conducted until the end of the year 1873, was required to

be closed, and after that time the survivors continued the same as a new firm, the existence of which was understood by all parties. In view of all the facts and without discussing the evidence at length, there appears to be sufficient to warrant the conclusion of the referee that the surviving members of the copartnership were not bound to account for the profits after the year 1873."

Various other questions are disposed of on the facts.

*B. F. Blair* for appellants.

*Francis Lynde Stetson* for respondent.

MILLER, J., reads for affirmance.

All concur, except FINCH and TRACY, JJ., dissenting; and RAPALLO, J., absent.

Judgment affirmed.