WHITE & SMITH *et al.* v. DILLINGER.

No. 4913. Opinion Filed August 3, 1915.

(151 Pac. 194.)

**PARTNERSHIP—Death of Partner—Action Against Survivor.** Under section 5013, Comp. Laws 1909 (section 4459, Rev. Laws 1910), a general partnership is dissolved as to all the partners by the death of a partner, and under section 5022, Comp. Laws 1909 (section 4468, Rev. Laws 1910), the surviving partner succeeds to all the partnership property, in trust for the purpose of liquidation. **Held,** that where an action is pending against a partnership, and one of the partners dies, the action should proceed against the surviving members of such partnership.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by J. P. Dillinger against J. P. White, E. F. White, and H. W. Smith, doing business as White & Smith, and J. P. White, H. W. Smith, and I. U. Smith and another, as administrators of E. F. White, deceased,

interveners. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Geo. T. Webster,* for plaintiffs in error.

*Shackelford & Norfleet* and *Jno. C. Shull,* for defendant in error.

Opinion by RITTENHOUSE, C. This is an action for rent instituted by J. P. Dillinger against White & Smith, a copartnership. Before this suit was tried, E. F. White, a member of the copartnership, died. The death was not suggested to the court. The action was tried and a verdict rendered in favor of plaintiff against the copartnership. Motion for new trial was overruled. Two motions in arrest of judgment, one by the two surviving partners, and one by the personal representatives of the partner who died pending the suit were filed; the first motion in arrest of judgment was overruled and the second sustained. Judgment was rendered against the copartnership and the two surviving partners individually for $665.

The first question presented is: Can judgment be rendered against a partnership after the death of one of the partners? It is a general rule under the common law that a general partnership is dissolved as to all the partners by the death of a partner, and under section 5013, Comp. Laws 1909 (section 4459, Rev. Laws 1910), it is specifically provided that death of a partner dissolves such partnership. Lindley on the Law of Partnership, (2d Ed.) 590; Bates on the Law of Partnership, section 580; *Wilson v. Simpson,* 89 N. Y. 619. The suit was pending against the partnership at the time of the death of E. F. White. After his death and before the suggestion thereof, the cause was submitted to a jury and

a verdict returned. Subsequent to the return of the verdict and prior to the rendition of judgment, an objection was made to any further proceedings in the cause as against the partnership or the individual members, on the grounds that the partnership was dissolved by operation of law, and no judgment was asked as against the partners in their individual capacity. Upon the death of a partner, the partnership was dissolved, and the same ceased to exist by operation of law, and no action could be maintained or judgment rendered against it after its dissolution. The surviving partner succeeds to all the partnership property, whether real or personal, in trust for the purpose of liquidation (section 5022, Comp. Laws 1909; section 4468, Rev. Laws 1910), and the action should be prosecuted against the surviving partners (Bates on the Law of Partnership, section 1055).

We conclude therefore that it was error for the court to render judgment against the partnership after its dissolution, and, as no judgment was asked against the surviving members, it was error to render a judgment against them.

The cause should therefore be reversed and remanded.

By the Court: It is so ordered.