**PRICE v. LATIMER COUNTY NAT. BANK OF WILBURTON.**

No. 16855—Opinion Filed Sept. 14, 1926.

**1. Bills and Notes—Defense of Joint Maker—Burden of Proof.**

Where action is brought upon promissory note against one of the joint makers of the note, and the execution of the note is admitted, and defendant sets up a special defense operating as a release of liability as to such defendant, the burden of proof of such release is upon the defendant pleading the same.

**2. Same—Effect of Renewal Note by One Joint Maker.**

Where there are joint makers of a promissory note, and at or after maturity thereof the holder of the note attempts to have the makers of the original note execute a renewal note, and one joint maker of the original note executes the renewal note, such execution of the renewal note by one of the joint makers of the original note does not release the other joint maker, in the absence of proof that the holder of the original note accepted such renewal note in full satisfaction of the original note.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Latimer County; D. C. McCurtain, Judge.

Action by the Latimer County National Bank against Roy Bailey and Thomas M. Price. Judgment for plaintiff, and defendant Thomas M. Price appeals. Affirmed.

Briggs & Kyle, for plaintiff in error.

Philos S. Jones, for defendant in error.

Opinion by RUTH, C. Action was instituted in the district court for Latimer county by the Latimer County National Bank of Wilburton, as plaintiff, against Roy Bailey and Thomas M. Price, as defendants. Service was not had upon Bailey, and the cause proceeded against the defendant Price, and the parties will be referred to herein as they appeared in the trial court.

The petition was in the regular form with a copy of the note attached, showing Roy Bailey and Thomas M. Price to be the joint makers thereof, and contained the following stipulation:

"We, the makers, sureties, and indorsers and guarantors of this note, hereby severally waive presentment for payment, notices of nonpayment, protest, and notice of protestation and diligence of bringing suit against any parties thereto, and consent that the time of payment may be extended without notice thereof to any of the sureties of this note."

To this petition the defendant Price first filed his answer, consisting of a verified general denial, and subsequently filed his first amended answer, in which he sets forth and alleges that after the note became due, Roy Bailey made, executed, and delivered to the plaintiff his certain promissory note which said note was a renewal note of the original note sued on, and that the said plaintiff accepted the said note from the said Roy Bailey, and that this defendant (Price) was thereby released from all further liability on account of the note herein sued on, and that after making, executing, and delivering of the said note by

the said Roy Bailey, the plaintiff made no demand on this defendant for payment of the note sued on herein, and therefore this defendant has ever since been released from any obligation on the said note.

The cause was tried to a jury, and verdict returned for the plaintiff and against the defendant Thomas M. Price, in the sum of $317.57, with interest from April 24, 1923, and for attorney's fees. From the judgment so rendered, the defendant Price appeals, and brings this cause here for review upon petition in error and case-made.

The brief of plaintiff in error does not conform to rule 26 of the rules of this court, with regard to setting forth the specifications of error relied upon, but proceeds to argue the case upon the following general proposition, to wit:

"Error of law occurring during the trial of the case, and excepted to by the defendant."

Under this assignment of error defendant insists the court erred in excluding defendant's offered evidence, tending to prove defendant was a surety on the note and received no consideration for the signing of the same. The defendant having admitted executing the note, the burden was on him to prove any special defense set up, and there was no suggestion of suretyship in the defendant's amended answer.

The mere fact that plaintiff may have made an attempt to get the original makers of the note to sign a renewal note, and only succeeded in having one of the original makers execute a new note, is no defense to an action on the original note against one or all the makers thereof, in the absence of proof that the holder of the original note accepted the new note in full satisfaction of the original note, nor would an extension of time granted to the maker of a note, containing the clause contained in the note sued on in the instant case, release a surety or indorser.

In Oklahoma State Bank of Sayre v. Seaton et al., 69 Okla. 99, 170 Pac. 477, this court said:

"Under the Negotiable Instruments Act of this state, an extension of time granted the principal debtor by agreement between him and the holder of a negotiable instrument, without the knowledge or consent of the accommodation makers, does not release them from liability on said note, and this is true even though the note is in the hands of the original payee and has never been assigned 'in due course.'"

Finding no error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 1011, § 1317. (2) 8 C. J. p. 443, § 656.