[Civ. No. 43. Fourth Appellate District.—November 27, 1929.]

MARYLAND CASUALTY COMPANY (a Corporation), Respondent, v. LEROY LITTLE et al., Defendants; WALTER K. BOWKER, Appellant.

Wright & McKee and C. M. Monroe for Appellant.

Utley & Nuffer for Respondent.

MARKS, J.—Respondent instituted this action against defendants to recover judgment upon a promissory note dated August 6, 1923, given by Leroy Little, and signed by him "Leroy Little Wo," by the terms of which the maker promised to pay respondent $2,412.13, with interest at six per cent per annum, together with attorney's fees in the sum of ten per cent of the principal and accrued interest, in case suit was instituted to collect such note. A second cause of action was abandoned by respondent at the time of trial. Judgment was rendered in favor of respondent for the principal sum of the note only, as it waived interest and attorney's fees.

The complaint alleged that the defendant Leroy Little Wo was a copartnership consisting of Leroy Little and Walter K. Bowker, Sr., and as such executed the note in question. The defendant, Leroy Little, did not appear, and judgment went against him by default. Appellant, in his answer, alleged that the partnership between himself and Little had been dissolved and ceased to exist long prior to the date of the note, and denied that it was a partnership obligation, and that anything was owed to respondent by him. The trial court found that the partnership had not been dissolved at the date of the note, and that it was a partnership obligation, and rendered judgment accordingly.

The appellant presents numerous assignments of error upon which he relies for a reversal of the judgment, but as they largely center around the question of the date of the dissolution of the partnership, it will be necessary to consider but three of them, namely, (1) When was the partnership dissolved? (2) Had Leroy Little any authority to sign the partnership name to this note on August 6, 1923? (3) Are there any facts in the record which would estop appellant from asserting the dissolution of the partnership, and the lack of authority on the part of Leroy Little to sign the partnership name to the note?

There was very little conflict in the evidence before the trial court. It was not disputed that in the year 1919 Leroy Little and Walter K. Bowker, Sr., entered into a partnership under the name of Leroy Little Wo for the purpose of conducting business as grading contractors operating in the Imperial Valley and Mexico; that the property of the partnership consisted principally of horses, mules, harness, grading machinery, tools and other such equipment incident to the partnership business; that all the contracts were taken in the name of Leroy Little who had active charge and management of the business; that the partnership carried workmen's compensation insurance in large amounts with respondent as insurance carrier; that the policies were written through H. H. Griswold, deceased at the time of the trial, with Leroy Little named as the sole beneficiary in all of them; that, the premiums were all charged on Griswold's books to Little individually; that during the life of the partnership Little carried on farming operations of his own and also did some grading independent of the partnership work; that the insurance policies covered three classes of work, namely, farm labor, grading and irrigation work; that the principal sum of the promissory note was computed from the unpaid portions of insurance premiums issued to Leroy Little by the respondent as insurance carrier as follows: Policy No. 150217, term January 24, 1920, to January 24, 1921, balance unpaid, $2,353.75; policy No. 199904, term January 24, 1921, to January 24, 1922, balance unpaid, $152.60; total $2,506.35, less $94.22 unearned portion of the advance premium paid on policy No. 223931, term January 24, 1922, to January 24, 1923, leaving a net balance of $2,412.13 unpaid at the date of the

note. The last contract of the partnership was for grading and ditch work in Mexico. The partners evidently had trouble of some kind which resulted in personal feeling between them, and during December, 1920, they commenced to divide their assets. Appellant sent a Mr. Irwin down to represent him in the settlement of the partnership affairs and the division of its property. The last contract was fully performed in February or March, 1921, and none other was taken, and no more work was done by it. Each partner took for himself part of the property belonging to the partnership and the major part of its assets were divided at the completion of the contract in Mexico. Some litigation, probably a suit for an accounting, was instituted between Little and Bowker which was pending on August 6, 1923, and was apparently compromised in 1926. All of the partnership property had not been fully and finally divided, either on the date of the note, or at the time of the trial of this action on March 28, 1927, the amount jointly held not appearing. Little and Bowker were each owners of the capital stock in the Circle Bar Cattle Company, a corporation, but this partnership did not hold any of that stock.

Leroy Little was called as a witness for respondent and testified in substance to the circumstances under which he gave the note as follows: "I had a conversation with Mr. Wankowski, head of the Maryland Casualty Company, who came over to get a settlement of the insurance. I made arrangements with Mr. Griswold to execute the note. I told them that there was a case in court, and I did not feel like I wanted to settle the bill because it was—Mr. Bowker owed half of it, and when the case would be settled then it would be determined who had to pay this bill. I told Mr. Griswold and Mr. Wankowski that the partnership had quit work."

It appears that in January, 1923, an attorney representing appellant, and W. A. Roberts, who had been bookkeeper for the partnership, called upon Mr. Griswold concerning insurance written by him for Leroy Little, and in substance the following conversation was had: "Mr. Griswold asked Mr. Roberts if, as near as I can recollect it, if this Bowker and Little business, if it hadn't been,—if that wasn't all closed up yet, stating that he thought that it had all been closed up and forgotten about long ago." Another witness

testified that in this conversation Mr. Griswold asked some other questions about the affairs of Leroy Little Wo, to which Mr. Roberts replied, that, of course, they had long ago divided up the property, but that the accounts as between them had not been finally settled.

The trial court found that the entire principal sum of the note was composed of the unpaid premiums on policies written for the benefit of the partnership. A careful reading of the transcript throws serious doubt on the correctness of this finding. Little was engaged in farming and grading operations of his own and seemed to have no policies of insurance other than the ones in question here covering his personal undertakings. According to the testimony of W. A. Roberts, it would seem that a part of the insurance premiums represented by the note were earned under charges for the private operations of Little. However, there is some testimony in the record supporting the finding, so we will not disturb it here. The action was upon a promissory note, and neither party was prepared with evidence of the exact source of the debt, as this was not one of the issues raised by the pleadings. The action was not one for an accounting between the partners.

Under the law as it existed at the time of the transactions in question, where no general term is prescribed by agreement for the duration of a general partnership, it may be dissolved by a partner or by operation of law (sec. 2449, Civ. Code; *Ross et al.* v. *Cornell*, 45 Cal. 133; *Wagner* v. *Wagner*, 50 Cal. 76). If there is no time prescribed by agreement for the duration of a general partnership, it may be totally dissolved by the expressed will of any partner. (Sec. 2450, Civ. Code; *Shuken* v. *Cohen*, 179 Cal. 279 [176 Pac. 447]; *McCauley* v. *Eyraud*, 87 Cal. App. 121 [261 Pac. 760]; *Wilson* v. *Brown*, 96 Cal. App. 140 [273 Pac. 847].) After the dissolution of a partnership, one partner cannot create any new obligation in the name of the partnership. (Secs. 2458, 2462, Civ. Code.)

Throughout this case respondent has confused the dissolution of a partnership with the liquidation of its affairs. ■ The partnership may be dissolved by agreement of the partners, or the will of one of them, where there is no fixed term of its existence. ■ Such agreement, or the will of one, may be proven by all the circumstances of the case as

well as by direct evidence. ■ Complete cessation of partnership business and a division of all, or a major portion of its assets without any objection, express or implied, is strong evidence of an agreement to dissolve. If not explained or refuted it is sufficient to force the conclusion of a dissolution by agreement. (*Nielson* v. *Gross,* 17 Cal. App. 74 [118 Pac. 725].) ■ After dissolution, liquidation of the partnership follows. It does not usually precede dissolution, and because the affairs of the partnership are not entirely liquidated and some bills remain unpaid and some property is not divided, cannot overcome satisfactory evidence of dissolution. Dissolution represents the demise of a partnership and liquidation the settlement of the estate. ■■ Respondent contends that because the partnership was proven to have once existed, there was a presumption that it continued, sufficient to support the findings of the trial court that it had not been dissolved on August 6, 1923. The law is to the contrary as announced in *Maupin* v. *Solomon,* 41 Cal. App. 323 [183 Pac. 198], as follows: "Presumptions, such as the one relied upon here, are allowed to stand not against the facts they represent, but in lieu of proof of facts and when the fact is proven contrary to the presumption no conflict arises, but the presumption is simply overcome and dispelled. (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922].) The authorities in this state abundantly support this view."

■ The authority of a partner to bind his copartner in the creation of an indebtedness finds its source in the doctrine of agency. When the partnership is dissolved the authority to create a new obligation is revoked and the agency ends (*Steinbach* v. *Smith,* 34 Cal. App. 223 [167 Pac. 189]).

In *Rassaert* v. *Mensch,* 17 Cal. App. 637 [120 Pac. 1072, 1075], it was held as follows: "A mere dissolution has no effect whatever on the property of the partners, or their interest in the joint stock or joint rights, or their power over old existing debts due to them or due from them; excepting always that they all entirely lost the power of acting for each other, any further than all joint debtors or joint creditors may do."

■ There is nothing in the record upon which to base the argument that appellant was estopped from denying the

authority of Little to execute a partnership note on August 6, 1923. The insurance policies were all written in the name of Leroy Little and the premiums charged to him. Appellant was a silent partner and it does not definitely appear that respondent or its agents knew that he was a member of the firm. It does appear that before the note was executed Little told both Wankowski and Griswold that a suit was pending between himself and appellant which would determine who would pay it, and that the partnership, Leroy Little Wo, had ceased operating. This was sufficient to put respondent upon its notice.

During the trial respondent remitted all claim to accrued interest and attorney's fees. This was evidently an attempt to reduce the judgment to an amount it might have recovered had the action been brought on the book account and to attempt to avoid the effect of *Steinbach* v. *Smith, supra*. The vice of this action at the trial was that it did not change the condition created by the giving of the note. The waiver of a legal right by respondent still left the contract in its original form. Respondent had its choice of remedies when the action was instituted. If it had been based on the book account different issues would have been joined and appellant would have had the opportunity to present evidence that he clearly did not have at hand during the trial. We do not believe that remitting the interest and attorney's fees cured the mistake of bringing the action upon the note. Respondent's counsel at the trial, and before this court, did not represent it at the time the suit was filed.

The judgment against appellant is reversed.

Sloane, P. J., and Barnard, J., concurred.