The AETNA CASUALTY AND SURETY COMPANY, Plaintiff in Error,

v.

Ben H. WOFFORD et al., Defendants in Error.

No. 37103.

Supreme Court of Oklahoma.
May 1, 1956.

Sanders & McElroy, and Finis Smith, Tulsa, for plaintiff in error.

Marvin T. Johnson, Tulsa, for defendant in error, B. H. Wofford.

WILLIAMS, Vice Chief Justice.

This is an action on a promissory note by The Aetna Casualty and Surety Co., hereinafter referred to as plaintiff, against several defendants, hereinafter more particularly identified. The trial court sustained a demurrer to plaintiff's evidence and plaintiff appeals. The only question presented by the appeal is the correctness of the trial court's action in sustaining the demurrer to the evidence.

Prior to December 1, 1949, Wofford, Nicholson and Rose Drilling Company was a partnership composed of James R. Cassedy, Charles W. Dyer, Ralph W. Gordon, Troy G. Peterson, Harold G. Rose, John A. Nicholson and B. H. Wofford. During the existence of this partnership, it was engaged in drilling oil and gas wells, and certain Workmen's Compensation Insurance was written for it by the plaintiff insurance company. Such insurance was written under a so-called retrospective method of writing workmen's compensation insurance, whereby the final premium for the policy is determined after the expiration of the policy period by an agreed formula based upon the losses sustained during the policy period and other factors. It appears that sometime between December 1, 1949, and January 29, 1951, this retrospective computation of premium was made by plaintiff resulting in an additional premium being due in the amount of $1,701. On January 29, 1951, an agent of the plaintiff called upon B. H. Wofford, one of the members of the above mentioned partnership, in an effort to collect this additional premium or to secure a promissory note therefor. Wofford advised plaintiff's agent that the partnership above referred to had been dissolved but that under the contract of dissolution he, Wofford, was the liquidating partner and had the power and authority thereunder to sign a note for the partnership. A note prepared by plaintiff's agent was then signed by Wofford for the partnership in the amount of the premium due plaintiff on the workmen's compensation insurance, which is the note sued on here.

Plaintiff's agent testified that he asked Wofford for a copy of the contract of dissolution which authorized him to sign for the firm and that Wofford told him that he didn't want copies of it floating around but that he would bring one by and show it to plaintiff's agent but that Wofford never did so.

On December 3, 1951, a payment of $500 was made on the note and on April 30, 1952, a payment of $300 was made thereon, both payments apparently being made by Wofford. When no further payments were made, this action was instituted on June 11, 1953.

The action was originally instituted against Wofford individually only, and summons was served upon Wofford individually. Thereafter the petition was amended to make the partnership of Wofford, Nicholson and Rose Drilling Co. a party defendant and a summons directed to such defendant was issued and served by serving the same upon Wofford. Still later the petition was again amended to make all of the partners, or former partners, individual parties defendant and summons was issued directed toward such defendants (except defendant Wofford who had already been served) but returned unserved showing such defendants to be "not found."

As finally amended, plaintiff's petition sought judgment on the note above referred to against the above mentioned partnership, or if the proof showed such partnership to have been dissolved, against the former partners individually; or if the proof showed the partnership to have been dissolved prior to the execution of the note and the note to have been executed by defendant Wofford

without authority, then against defendant Wofford individually.

The only answer filed was that of defendant Wofford, which alleged that it was the answer of an individual member of a former partnership only and did not purport to enter the appearance of any other defendant. Such answer further alleged that the partnership in question had been dissolved on December 1, 1949; that the note sued on was without consideration; that the defendant was misled in signing the same and that the insurance premium for which the note was given was not actually owing; and that defendant Wofford was at the time of signing the note without authority to bind the alleged partnership as such. These allegations were all in the nature of affirmative defenses and there was no denial of the execution of the note or the amount alleged to be due thereon.

█ We are not advised as to the basis of the trial court's judgment in sustaining the demurrer except that the court expressed an opinion that there had been a failure to prove a cause of action. Plaintiff contends that the court erred in that regard because the introduction in evidence of the promissory note sued on constitutes a complete cause of action where the execution and delivery thereof and the amount due thereon are not denied, and that the burden is upon the defendant to establish any affirmative defense pleaded. Such is the general rule in this jurisdiction. J. I. Case Thrashing Machine Co. v. Rennie, 71 Okl. 309, 177 P. 548; Price v. Latimer County National Bank of Wilburton, 119 Okl. 198, 249 P. 305; Anderson v. Scanlon, 174 Okl. 419, 50 P.2d 615; Fisher v. Millspaugh, 192 Okl. 127, 134 P.2d 579.

█ Plaintiff, however, is not in exactly the same position as were the plaintiffs in the above cited cases. Defendant here alleged under oath that the partnership had been dissolved on December 1, 1949. Such allegation was not denied and must therefore be taken as true. Since the partnership entity had been dissolved, no judgment could be rendered against the partnership as such. Moore v. Diehm, 200 Okl. 664, 199 P.2d 218; White and Smith v. Dillinger,

50 Okl. 555, 151 P. 194. Moreover, plaintiff's evidence reveals that the note sued on was executed on January 29, 1951, or over a year after the partnership had been dissolved. After dissolution of the partnership the powers and authority of the partners are such only as are prescribed by 54 O.S. 1951 §§ 51 to 54 inclusive. 54 O.S.1951 § 50. By virtue of such sections a partner may act only in liquidation of the partnership affairs, after dissolution thereof, and a partner acting in liquidation cannot create any new obligation so as to render his former partners liable thereon. The exception to such rule pertaining to creditors who have not had notice of the dissolution, provided in 54 O.S.1951 § 48, would appear to be inapplicable here since plaintiff's agent testified that defendant Wofford told him the partnership had been dissolved before he signed the note.

█ While it does not appear that this court has ever decided the exact question, we are of the opinion that the execution of a promissory note would constitute the creation of a new obligation, even though the consideration for such note was a pre-existing partnership obligation, at least where, as here, the note provides for a collection fee of ten per cent of the unpaid balance if placed in the hand of an attorney for collection, and that, as a new obligation, the execution thereof by a liquidating partner would not render the other former partners liable thereon. The California courts have specifically so held in Steinbach v. Smith, 34 Cal.App. 223, 167 P. 189, and Maryland Casualty Co. v. Little, 102 Cal.App. 205, 282 P. 968, and such seems to be the general rule in those jurisdictions having similar statutory restriction upon the authority of a liquidating partner. See in this connection, 40 Am.Jur. 318–321, Partnership, §§ 273–280. The factual situation in Maryland Casualty Co. v. Little, supra, was quite similar to the case at bar, except that plaintiff there attempted to avoid the rule above announced by waiving its claim to the interest and attorney fee provided in the note. The court held that such waiver accomplished nothing, however, as the suit was still brought on the note and that the partner signing the note could not bind his former

partner thereon by signing the same after dissolution of the partnership, even though given in consideration of pre-existing partnership debt.

It therefore appears that plaintiff has not shown itself to be entitled to a judgment against either the partnership entity or any of the former partners other than defendant Wofford. As to defendant Wofford, however, the situation is somewhat different. As already noted, defendant Wofford answered and appeared only in his own individual behalf. The demurrer to the evidence which the trial court sustained was that of defendant Wofford, individually. In sustaining such demurrer the court erred. The evidence as far as defendant Wofford is concerned was to the effect that Wofford was jointly liable for the unpaid premium due plaintiff by the partnership; that Wofford executed the note sued on in consideration of such indebtedness and that although he advised plaintiff's agent that the partnership had been dissolved, he represented to plaintiff's agent that he had the authority to sign a note for such indebtedness; that plaintiff relied upon such representations and accepted the note in satisfaction of such indebtedness; that defendant Wofford thereafter made two substantial payments on such note. While we think it clear that under such circumstances Wofford could not bind his former partners without their knowledge and consent, we are cited no authority, and have found none, indicating that he could not bind himself or that he would not be individually liable on such note under such circumstances. All of the cases called to our attention or that we have been able to find on the question are cases in which the former partner who had not signed the note or incurred the obligation defended and contended that he could not be held liable thereon and such contention was upheld. In none of those cases, however, was it held (or apparently even contended) that the partner who had signed the note or incurred the obligation was not liable thereon.

The authority of a partner to bind the partnership of his copartners is based on agency. 54 O.S.1951 § 33. In the body of the opinion in Duncan Electric & Ice Co. v. Dickey, 72 Okl. 257, 180 P. 703, 705, this court said:

"It is a well-settled principle of law that one claiming to be an agent of another, if he does not possess authority from the principal therefor, or if he exceeds his authority, will be personally liable to the person with whom he is dealing. People's Bank [of Pratt, Kan.] v. Frick Co., 13 Okl. 179, 73 P. 949; McConnell v. Holderman, 24 Okl. 129, 103 P. 593; Haupt v. Vint, 68 W.Va. 657, 70 S.E. 702, 34 L.R.A.,N.S., 518; Mendenhall v. Stewart, 18 Ind. App. 262, 47 N.E. 943."

The principle therein announced is applicable here.

The judgment of the trial court is reversed and the cause remanded with instructions to grant plaintiff a new trial.

JOHNSON, C. J., and CORN, BLACKBIRD, JACKSON and HUNT, JJ., concur.