Glenn LUKER, Plaintiff in Error,

v.

D. J. KELLS, Defendant in Error.

No. 40977.

Supreme Court of Oklahoma.

Feb. 15, 1966.

Young, Young & Young, by David Young, Sapulpa, for plaintiff in error.

Loeffler & Allen, Sapulpa, for defendant in error.

BERRY, Justice.

Plaintiff in error, defendant in the trial court, has appealed from a judgment entered for defendant in error, hereafter referred to as plaintiff, in an action brought to

recover upon a promissory note. The appeal to this Court is upon the original record.

Plaintiff alleged defendant's execution and delivery of a promissory note in the amount of $3,600.00, dated January 1, 1960, payable upon demand according to terms of the instrument; plaintiff was the owner and holder thereof and default had been made in that defendant had refused to pay upon demand; that the note provided for attorney's fees and costs of collection in event of suit, and the amount of $500.00 was a reasonable attorney's fee. Plaintiff asked judgment for amount of the note, interest as provided from May 23, 1961, until paid, and for attorney's fees and costs. By amendment plaintiff alleged he was a non-resident of the state and the note had not acquired a taxable situs, and therefore was not subject to any tax.

After numerous preliminary motions were filed and disposed of defendant answered, omitting formal portions, as follows:

"Admits the signature on said instrument is the signature of said defendant and states that said signature was obtained as surety only for said C. L. DeVore, for no consideration and that said plaintiff, acting by and through his duly authorized agents, servants, and employees utilized duress and intimidation and threatened criminal prosecution to obtain said signature and that said transaction is illegal and void and not supported by consideration."

The issues were joined upon filing of plaintiff's reply in form of general denial, except as to defendant's admission of execution of the note.

The factual situation which gave rise to the action, as disclosed by an extended transcript, may be summarized in the following manner. At all times pertinent defendant was a practicing chiropractor in Creek County, Oklahoma, and also engaged in some business ventures. Together with a Reverend DeVore, a Sapulpa minister, he was attempting to promote finances for proposed development of an oil lease upon which defendant held a purchase option. Defendant and DeVore were transacting business as the Develu Oil Corporation, Sapulpa, Oklahoma. Both were acquainted with a Reverend Yonaka of Algonac, Michigan, who was a friend of plaintiff. Defendant had secured the purchase option, but was depending upon DeVore to raise the necessary financing. In December, 1959, plaintiff was approached by Yonaka to invest $3,600.00 for a 1/64th interest in the project, under an agreement that the money would be placed in escrow, and in event the necessary financing was not raised and the option exercised the sum advanced would be refunded.

During December, 1959, defendant and DeVore furnished printed information to Yonaka for dissemination to prospective investors. This information consisted of a written résumé of the enticing prospects and potential for development of the lease, naming defendant and DeVore as "our oil operators", and referred to "our geologist" and "our tax expert", and was prepared for mailing over Yonakas' signature. Other information furnished included a geologist's report covering proposed development, and an accompanying accountant's statement detailing tax advantages and responsibilities involved in the transaction, furnished upon request of defendant and DeVore. The last two items mentioned were contained in a brochure. In this connection, the evidence showed that such material was forwarded to plaintiff in Michigan by defendant or DeVore, and resulted eventually in the United States Securities and Exchange Commission entering into the matter. All of plaintiff's accumulated material relative to the proposed transaction was surrendered to that agency of the government upon demand.

The evidence showed that Yonaka consulted plaintiff in his office, and advised that the oil lease was a good deal and plaintiff could purchase 1/64th interest for $3,600.00, the money to be held in escrow, and if the lease was not developed the money would be returned. Plaintiff agreed to

purchase and gave his check payable to defendant and DeVore, this check being endorsed and cashed through plaintiff's bank in usual course of business. The canceled check was not in evidence at the trial, being a part of the material turned over to the Securities and Exchange Commission at the agency's request. Defendant admitted during trial that the $3,600.00 was paid by plaintiff and received by himself and De-Vore, but plaintiff did not receive any interest in the lease. The facts also were that the promotion failed to materialize and defendant's option to purchase the lease in question terminated. The note was delivered to plaintiff by Yonaka, although plaintiff had not requested him to secure a note.

Defendant admitted executing the note sued upon, together with DeVore, and testified this was done about the middle of December, 1959, because he had been threatened with criminal prosecution. The note was signed during the time the purchase option was effective and during the period the promotion was being conducted in an effort to secure investors. However, at another point in his testimony defendant asserted the note was signed at least a year after the lease was acquired.

This testimony obviously was intended as support for the claim that defendant signed the note from fear of criminal prosecution made by Yonaka in a letter to defendant. The defendant also testified he never authorized either DeVore or Yonaka to deliver the note to plaintiff. Objection was sustained to the testimony relative to delivery of the note.

At the close of the testimony the trial court sustained plaintiff's motion for directed verdict. Summarized, the court's stated reasons were that plaintiff's note was executed by defendant and DeVore, and defendant was a principal obligor, and there was no evidence defendant signed the note as surety or guarantor. Defendant was a principal debtor, since this admittedly was a partnership relation with DeVore in that defendant was to secure the lease and

DeVore was to secure financing in order to exercise the option. Plaintiff paid his money either to defendant or DeVore and the partnership received the money. The note involved was executed for a pre-existing indebtedness, which constituted a valuable consideration. The remaining defense was that the note was executed for fear of criminal prosecution. Had this been the sole consideration for execution of the note this would have constituted a defense and rendered the note voidable. However, it was undisputed that a pre-existing debt existed, and under this circumstance the claim of threat of prosecution was not a defense. Since for these reasons there was no issue remaining to be submitted to the jury, the court was required to instruct the jury to return a verdict for plaintiff for the sum of $5,010.00, and $500.00 attorney's fees. Judgment accordingly was rendered for such amounts by the jury, together with costs taxed by the court. Motion for new trial was overruled and defendant perfected this appeal.

The assignments of error are presented under two propositions. The first contention is that the trial court erred in excluding material evidence showing that the note sued upon was never delivered to plaintiff by this defendant. The argument is that plaintiff alleged execution and delivery of the note and the answer denied delivery. Thus under the pleadings an issue was made concerning the question of delivery of the note, and the trial court erred in sustaining objection to defendant's testimony that he neither authorized nor directed DeVore or Yonaka to deliver the note to plaintiff. The authority offered to support this argument is 10 C.J.S. Bills and Notes § 78(a) generally to the effect that a note is incomplete and revocable until there is valid delivery; and (b) absent estoppel, as to any person other than a holder in due course, the delivery must have been made by or under authority of the party sought to be bound. Also cited in support of defendant's argument are early decisions from other courts cited in footnote 32.

■ This argument is without substantial merit for the reasons hereafter stated. It is true that delivery of the note was a requisite of legal transfer. Harber v. Lincoln, 175 Okl. 221, 51 P.2d 967. However, validity of the note here involved, having been executed prior to effective date of the Uniform Commercial Code, 12A O.S. 1961 § 1–101 et seq., is governed by the statute in effect when executed. This statute, 48 O.S.1961 § 36, in pertinent part provided:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. * * * And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

We have held uniformly that possession of a note by the named payee is prima facie evidence such instrument was delivered to the payee. Berry v. Barton and Berry, 12 Okl. 221, 71 P. 1074, 66 L.R.A. 513. Under the state of this record we expressly avoid consideration of any question relative to defendant's right to raise a question of non-delivery of the note under an unverified answer wherein execution of the instrument was admitted. However, it should be noted that there is sound authority for the proposition that, since both signing and delivery are prerequisites to validity of a note, an answer admitting execution of the instrument admits existence of both prerequisites. Re Tynan's Estate, 142 Neb. 671, 7 N.W. 2d 628. Signing of an instrument is synonymous with execution. Gilliland v. Shuman, 197 Okl. 365, 170 P.2d 549, 166 A.L.R. 850; Riegel v. Holmes, Ohio Com.Pl., 171 N.E. 2d 553.

The answer to defendant's contention is found in the general text rule stated in 11 C.J.S. Bills & Notes § 657d (1):

"It is conclusively presumed that one of two joint makers of a note had authority from the others to deliver it, where he actually delivers the instrument."

■ The evidence was that plaintiff received this note from Yonaka, who was engaged with defendant and DeVore in the oil promotion, after plaintiff's check had been given to defendant's partner DeVore. The last time defendant saw the note it was in DeVore's possession. But, under the recognized rule, supra, the fact defendant neither delivered, nor authorized DeVore to deliver the note is of no consequence in view of the fact that DeVore had equal authority to cause the note to be delivered to plaintiff. The evidence that DeVore mailed the note in question for delivery to plaintiff is uncontradicted. For such reasons the trial court correctly sustained objection to defendant's testimony in this respect.

The second proposition is stated:

"The trial court erred in sustaining plaintiff's motion for a directed verdict and taking the case from the jury and directing the jury to render verdict in favor of plaintiff there being issues of fact concerning (1) delivery of instruments sued on and (2) whether the instrument was signed voluntarily or by threats of criminal prosecution by plaintiff or his agent Yonaka and (3) whether defendant was a principal obligor or merely a surety for no consideration."

The stated proposition advances three distinct arguments, predicated upon the rule that it is reversible error for the trial court to sustain a motion for directed verdict and decide the issue where the evidence is in conflict upon any material issue.

The first argument again attempts to inject into consideration matters relative to the asserted non-delivery of the note, and requires no further consideration in view of the conclusion above stated.

■■ The second ground is based upon the claim that an issue of fact existed as to whether defendant signed the note voluntarily, or under threat of prosecution. Al-

though asserted by way of defense, defendant's own testimony established that he and DeVore received plaintiff's check, but did not deliver the proposed lease or return the money. This testimony, coupled with other evidence reflecting the overall transaction, precluded existence of a question of fact requiring the jury's consideration, and properly reflects the basis of the trial court's conclusion. An antecedent or pre-existing indebtedness constitutes value which provides consideration for a note. 48 O.S.1961 § 72; Milburn v. Miner's & Citizens Bank, 101 Okl. 281, 226 P. 42; Aetna Cas. & Surety Co. v. Wofford, Okl., 296 P.2d 967, 60 A.L.R.2d 821.

The third argument is that the trial court erred as a matter of law in finding defendant and DeVore were acting as partners, and that defendant therefore acted as principal and not as surety. The defendant's testimony was that he secured the purchase option and DeVore was to promote financing of the promotion; that they developed, or attempted to develop, the lease promotion together, and were to share in the profits of the venture. The exhibits introduced in evidence by defendant reflect that the promotional efforts were carried on in the name of Luker & DeVore. A partnership is a relationship founded on contract. The elements of the relationship and the rules for determining the existence of that relationship are defined by statute. 54 O.S.1961 §§ 206, 207; Dowdy v. Clausewitz, Okl., 361 P.2d 288.

There was no evidence to support defendant's claim that he executed this note as surety for DeVore. That the attempted promotion was a partnership effort between the two was established by defendant's evidence. No need exists to consider what engenders the relationship of principal and surety. The evidence showed the nature of this venture. Defendant's testimony acknowledged that he and DeVore received $3,600.00 from plaintiff as payment for 1/64th interest in the promotion. A voluntary acceptance of the benefits of a transaction is equivalent to consent to assume all obligations arising therefrom so far as the facts are known, or should be known, by the acceptor. See 15 O.S.1961 § 75; First Nat. Bank, Muskogee v. Clark, 93 Okl. 23, 219 P. 370.

No question of fact was raised by defendant's evidence which required submission, thus it was not error for the trial court to sustain plaintiff's motion for directed verdict. The trial court properly sustained the motion for directed verdict.

Judgment affirmed.