

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 10, 1967

Honorable John T. Cox
County Attorney
Belton, Texas

Opinion No. M-55

Re: The method to be used by
the County Clerk to ex-
tend or renew chattel
mortgages recorded prior
to July 1, 1966, the
effective date of the
Texas Uniform Commercial

Dear Mr. Cox:

Code, and related questions.

Your letter requesting an opinion from this office
on the above subject matter is as follows:

"What method must the County Clerk use
to extend or renew chattel mortgages record-
ed prior to July 1, 1966, the effective date
of the Texas Uniform Commercial Code, and
would such extension or renewal be a prior
lien if some secured party filed a financing
statement after July 1, 1966, and prior to
such extension and renewal?

"Prior to July 1, 1966, Articles 5499
and 5499a, V.A.T.S., provided for destruc-
tion of chattel mortgages after six years
from maturity of the secured indebtedness
and ten years from the date of filing, re-
spectively, unless the creditor filed with
the County Clerk an affidavit stating the
indebtedness had not been paid. Section
10-102(1) of the Uniform Commercial Code
expressly repeals these statutes, but Sec-
tion 10-102(2) states transactions entered
into prior to July 1, 1966, remain valid
thereafter and may be 'completed, consummated

- 251 -

or enforced' in accordance with prior law. Therefore, the question is if a chattel mortgage is about to be destroyed pursuant to Articles 5499 or 5499a whether the affidavit required by those statutes comes within the meaning of 'completed, consummated or enforced' or if the creditor must create a new security interest pursuant to the Uniform Commercial Code in order to maintain his lien."

The Texas Uniform Commercial Code became effective in Texas at midnight June 30, 1966 as set out in Section 10-101 of the Code.

Section 10-102(1) of the Texas Uniform Commercial Code specifically repeals, among other statutes, Articles 5489-99, Vernon's Civil Statutes, as amended, which were the chattel mortgage statutes.

Article I, Section 16, of the Constitution of Texas provides that no retroactive law or any law impairing the obligation of contracts shall be made.

The Legislature showed they did not wish to invalidate or destroy any existing property rights created under the above repealed statutes by adopting the savings clause set out in Section 10-102(2) of the Uniform Commercial Code which reads as follows:

"Transactions validly entered into before the effective date specified in Section 10-101 and the rights, duties and interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required by any statute or other law amended or repealed by this act as though such repeal or amendment had not occurred." (Emphasis added.)

A chattel mortgage validly entered into and properly recorded prior to July 1, 1966, clearly is a transaction

entered into prior to July 1, 1966; therefore, all statutes in effect prior to midnight June 30, 1966, should apply to said transaction as well as all rights, duties and interests flowing from it.

Our Courts have held that statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intention of the Legislature to make it applicable to both past and future transactions. State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707 (1943).

The following quoted statute applied to chattel mortgages prior to July 1, 1966, in counties in this State having a population less than six hundred thousand.

Article 5499, Vernon's Civil Statutes, reads as follows:

"All chattel mortgages filed with the county clerks of this State in accordance with law shall be prima facie presumed to have been paid after the expiration of six years from the date of the maturity of the debts such mortgages were intended to secure, unless the owner or holder of such mortgages, his agent or attorney, shall, within three months next before the expiration of said time, file an affidavit in writing with the county clerk stating that such debt has not been paid, and the amount still due thereon. If such affidavit is not filed, the clerk shall, at the expiration of said time, either deliver such mortgage to the maker or destroy the same."

Article 5499a, cited by you, only applies to counties having a population of six hundred thousand or more. Although this Article was repealed, and is not applicable to Bell County, this opinion will necessarily apply also to this Article.

In other states where the question has been raised on a transaction recorded prior to the effective date of the

Uniform Commercial Code which required re-filing to extend the lien after the effective date of the Uniform Commercial Code, the majority of the Attorney General's Opinions have held that re-filing would be under the statutes in effect prior to the effective date of the Code. Ky. Att. Gen. Op. No. 60-513, 1960, extension of chattel mortgage lien; Cal. Att. Gen. Op. No. 64-247, 10-7-64, chattel mortgage; Wyo. Att. Gen. Op. No. 26, 11-14-62, re-filing trust receipt; Ark. Att. Gen. Op., 6-20-62, extension of trust receipt; and Md. Att. Gen. Op., 2-5-64 and 5-14-64 held that party re-filing conditional sales contract could instruct clerk to file under laws effective prior to adoption of Uniform Commercial Code. 29 Tex.B.J..345.

Also in other states, in cases deciding which law to apply where there was a savings clause as to laws repealed by the Code, the laws in effect prior to the Code were applied to pre-code transactions. Wilson v. Prudential Ins. Co. of America, 396 S.W.2d 300 (Ark. 1965); First Nat. Bank of Marysville v. Bahan, 198 N.E.2d 272 (Ohio C.P. 1964); Streeter v. Middleman, 240 Md. 169, 213 A.2d 471 (1965); Luker v. Kells, 411 P.2d 511 (Okla. 1966).

In Texas our Courts have held that renewal of a lien does not affect the lien, nor is it a new transaction. Willis v. Sanger, 40 S.W. 229 (Tex.Civ.App. 1897, error ref.).

It is therefore our opinion that the re-filing by affidavit required to extend the chattel mortgage lien under Article 5499 of Vernon's Civil Statutes after the effective date of the Uniform Commercial Code would not be a new trans- action within the meaning of the Uniform Commercial Code, but is an extension of the transaction entered into by the parties prior to July 1, 1966. Such filing should be made with the County Clerk.

In the absence of specific instructions by the mortgagee, to the Clerk, designating the statute under which he wishes it to be filed, an instrument in affidavit form showing itself to be an extension of an agreement entered into prior to July 1, 1966, should be filed in accordance with Article 5499, Vernon's Civil Statutes. However, an instrument

purporting to be a continuation statement should be filed in accordance with the provisions of the Texas Uniform Commercial Code.

As to your question on priority of liens, this office cannot answer that question as submitted by you, as the Texas Uniform Commercial Code places no duty on the county clerk to determine this matter.

## S U M M A R Y

Chattel mortgages filed prior to July 1, 1966, should be renewed or extended by filing affidavit with County Clerk as required by Article 5499 and recorded under chattel mortgage laws in effect prior to July 1, 1966.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
W. O. Shultz
Gordon Cass
Ralph Rash
Houghton Brownlee

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.