Bennett et al. *v.* Perlstein & Co., Inc., Appellant.

66

Argued October 7, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Emil F. Goldhaber,* of *Aarons, Weinstein & Goldhaber,* for appellant.

*L. Halpern Miller,* with him, *Levick, Wexler & Weisman,* for appellee.

OPINION BY RHODES, J., November 17, 1936:

The question involved in this appeal is the sufficiency of the affidavit of defense to prevent the entry of a summary judgment on the pleadings. The plaintiffs instituted an action in assumpsit based on a book account for dresses sold to the defendant. The defendant filed an affidavit of defense. On plaintiffs' rule for

judgment for want of a sufficient affidavit of defense, the court below made the rule absolute. Judgment was entered, and defendant appealed.

Plaintiffs were engaged in the manufacture of dresses. Appellant was a wholesaler. Appellant admitted that it received the 24 dresses in question, which were billed at $3.75 each.

The pertinent part of the affidavit of defense is as follows: "By way of defense, the defendant avers that the merchandise in question was purchased by sample; that the sample had a braiding, which was properly lined and would not scratch the wearer's neck; that the dresses (style 648) which were delivered to the defendant contained braiding which scratched the neck of the wearer; that this defect was not apparent and could not be seen by the defendant upon being examined when the merchandise was received; that the said defect only became known to the defendant after sale to defendant's customers, who were retailers, and after the retailers had in turn sold the merchandise to the consumers who thereupon returned the merchandise to the retailers, and the retailers thereupon returned it to the defendant; that immediately upon such returns being made to the defendant of twenty-two (22) out of the twenty-four (24) dresses of style 648, on February 12, 1936 the defendant returned the said twenty-two (22) dresses to the plaintiffs and demanded credit therefor."

The court below, in its opinion making absolute the rule for judgment for want of a sufficient affidavit of defense, states: "Defendant does not aver that it made any inspection of the dresses upon receiving them to ascertain whether or not they were according to sample ...... and since defendant gave no notice of the alleged breach of warranty, prior to the bringing of this suit [it] failed in the giving of notice within a reasonable time after [it] ought to have known of the breach."

The affidavit of defense is sufficient to meet the two objections raised by the court below. Appellant therein avers that the defect in the dresses was not apparent and could not be seen upon being examined when the merchandise was received. Appellant's letter of February 12, 1936, to the plaintiffs stated that the appellant was compelled to return the 22 dresses because of the "fact that the braiding scratches the neck." A copy of this letter is attached to the plaintiffs' statement. This was notice of the alleged breach of warranty. The affidavit of defense sets forth that the defect was latent, and that immediately upon receipt from the retailers, whereupon the defect became known to the appellant, return of the 22 dresses was made to the plaintiffs on February 12th.

The pleadings show that the goods were ordered by the appellant on January 17, 1936; that they were billed on January 21, 1936; that they were returned to the appellant because of alleged defect; and that appellant immediately returned them to the plaintiffs on February 12, 1936. The pleadings also show how and when notice of the alleged breach of warranty was given by the appellant to the plaintiffs.

There remains the question whether the failure of the appellant to return 2 of the 24 dresses purchased prevents it from rescinding the contract.

In *Moskowitz v. Flock and Flock*, 112 Pa. Superior Ct. 518, at page 527, 171 A. 400, at page 403, in an opinion by Judge PARKER, this court said: "We conceive the true rule to be that while there cannot be a partial rescission of an entire contract, it is not an invariable rule that there can never be a rescission of a divisible contract to sell or of a sale if it is beyond the power of the buyer to return to the seller all he received from him and if his inability so to return is not attributable to his own fault but to the fault of the seller. This construction we believe to be in accord with the funda-

mental principles and the spirit of the entire Sales Act [of May 19, 1915, P. L. 543 (69 PS §1 et seq.)] and to comport with reason and justice."

In the instant case, the dresses were sold by sample to the appellant for resale by it in the course of its business. It was alleged that the defect was latent and could not be ascertained, after examination on receipt of the merchandise, until the commodity reached the hands of the ultimate consumer. By reason of such resale, the appellant was unable to return all of the dresses. If possible, it was appellant's duty, in rescinding the contract, to return all of the dresses within a reasonable time after the ascertainment of the defect or the breach of warranty; none could be intentionally kept. The fact that it was impossible to return 2 of the dresses, through no fault of the appellant, did not deprive it of the right to rescind the contract on the return of the 22 dresses with an offer to pay for those sold and not returned. The affidavit of defense contains sufficient averments to support a defense. The action of the court below must be reversed.

The judgment is reversed with a procedendo.