## Roller, Appellant, v. Jaffee.

Argued November 20, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Charles S. Schermer*, with him *David R. Rosenwald*, for appellant.

*Jacob B. Abrams*, for appellees.

OPINION BY MR. JUSTICE BELL, January 17, 1957:

Plaintiff instituted an action in assumpsit on a promissory note, not under seal, in the principal amount of $10,000. The note was executed on January 2, 1951, by the two defendants, Isadore and Lenor Jaffe, who are husband and wife. The note reads as follows:

"$10,000.00                        January 2—1951
.................... after date I promise to pay to
the order of Caroline Roller
............. ten thousand ............. xx Dollars
at      if requested after January 2—1952.
Without defalcation, for value received with interest
at ................ per cent per annum.
No. .................. Due Jan. 2—1952.
                    Lenor Cutting Jaffe
                    Isadore H. Jaffe"

Plaintiff in her amended complaint averred that three payments totaling $3,000. were made by the defendants and that these payments were on account of principal and interest. Plaintiff further averred that on June 28, 1955, demand for payment of the note was made by her, but the demand was refused by defendants.

Defendants admitted the execution of the note and the receipt of the $10,000. by the husband-defendant, Isadore Jaffe. The wife-defendant, however, averred under "New Matter" that she never received any consideration for the note and that no consideration was ever intended to pass from the plaintiff to her. The wife-defendant contends that for this reason there is no legal obligation upon her. The wife-defendant admitted that she executed the note as accommodation, maker for the accommodation of her husband. The husband-defendant, on the other hand, admitted liability for $10,000. less the $3,000. paid on account of principal, but admitted liability for interest only from the date on which payment of the principal was demanded by plaintiff.

Plaintiff in her reply to "New Matter", averred that the money was loaned to both defendants at the request of both defendants and that the money was

loaned to them only after both defendants executed the note. Plaintiff further averred that if the wife-defendant, Lenor Jaffe, had not signed the note, plaintiff would not have loaned the money to defendants. No replication was filed to plaintiff's reply.

Plaintiff filed a motion for judgment on the pleadings which was overruled by the lower Court. The lower Court based its action on two grounds: (1) the pleadings raised factual questions requiring a jury trial, and (2) the wife-defendant's plea of want of consideration raised an adequate defense to a suit on an unsealed note. We do not agree with this conclusion; the plea of want of consideration was not a legal defense to the note.

The general rule is that when two or more persons execute a promissory note, they are jointly and severally liable: Negotiable Instruments Law of May 16, 1901, P. L. 194, ch. 1, art. I, §17; 56 PS §22;* Uniform Commercial Code of April 6, 1953, P. L. 3, §3-118; 12 A. PS §3-118 (e), *Heffner v. First National Bank of Huntingdon*, 311 Pa. 29, 32, 166 A. 370.

Ch. 1, Art. II, §29, of the Negotiable Instruments Law of 1901, supra, 56 PS §67, provides with respect to an accommodation maker: "Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." In *Delaware County Trust Co. v. Haser*, 199 Pa. 17, 48 A. 694, this Court stated (page 25):

---

* The Negotiable Instruments Law of 1901, although repealed by the Uniform Commercial Code, is applicable in the case at bar since the note was executed prior to the enactment of the Uniform Commercial Code. This provision we note was reenacted in the Code.

". . . it may now be considered as well settled in this state that one who signs a note as maker, though he does it merely for the accommodation of the payee or the indorser, thereby places himself in the situation of a principal, and will not be allowed to escape the consequences of his action by subsequently alleging that he was but a surety. . . . The relation created by the maker is that of principal debtor, and his rights and liabilities are the same whether the accommodation is for the payee in the note or for a third person. The liability of the maker does not depend upon the person for whose accommodation the note is made, but upon the situation in which the maker has placed himself by assuming the position of a principal debtor."

The defense of "accommodation maker" is no longer available to a married woman. In *Palatucci v. Woodland,* 166 Pa. Superior Ct. 315, 70 A. 2d 674, 676, that Court, in construing the Act of 1945, said (page 318): "The Act of 1945, P. L. 625, §1* 48 PS §31, empowered a wife to make any contract that could be validly made by an unmarried woman and removed the exception that she could not become an accommodation maker or endorser or surety for another. Hence, appellant was fully empowered to execute the note here involved without consideration moving directly to her from appellee."

In *McCune v. Gross,* 377 Pa. 360, 105 A. 2d 367, this Court said (page 364): "The contention of the defendants that Mary W. Gross was a surety and being a married woman, could not be bound by the mortgage, is without merit: Act of May 17, 1945, P. L. 625; Palatucci v. Woodland, 166 Pa. Superior Ct., supra."

* As amended by the Act of May 31, 1947, P. L. 352, §2, 48 PS §32.

On the question of interest, defendants' position is equally untenable. The note clearly specifies that it is payable "with interest". Unless the note provides otherwise, interest is due on a promissory note, not from the due date, but from the date of execution. Section 17 (2) of the Negotiable Instruments Law of 1901, supra, provides:

"2. Where the instrument provides for the payment of interest, without specifying the date from which interest is to run, the interest runs from the date of the instrument, and if the instrument is undated from the issue thereof."*

Order reversed. The record is remanded to the lower Court with directions to enter judgment on the pleadings in favor of the plaintiff and against the defendants in the sum of $8,955.98 with interest from April 30, 1954.

---

* The Code has a similar provision: Uniform Commercial Code of April 6, 1953, P. L. 3, §3-118(d) ; 12 A. PS 3-118(d).