41566. PEACHTREE NEWS COMPANY, INC. v. MACMILLAN COMPANY, INC.

ARGUED OCTOBER 5, 1965—DECIDED OCTOBER 18, 1965— REHEARING DENIED OCTOBER 28, 1965.

*Haas, Holland, Freeman, Levison & Gibert, Hugh W. Gibert, Richard C. Freeman,* for appellant.

*Arnall, Golden & Gregory, Jackson Cook, H. Fred Gober,* for appellee.

NICHOLS, Presiding Judge. 1. The defendant objected to testimony by a witness for the plaintiff as to what the records of the plaintiff show the defendant owed the plaintiff. The objection to such testimony was that it was hearsay based in part on the records of another corporation which had merged with the plaintiff corporation during the period the transactions on which the action was based took place.

The admission of such evidence, if error, was harmless inasmuch as the secretary and bookkeeper of the defendant corporation testified on cross examination that the total due, according to statements furnished by the plaintiff was the same figure as that objected to, that there were discrepancies in such statement and the correct balance, according to the defendant's books, was a lesser amount—which amount was the same as the amount of the judgment for the plaintiff. See *American Family Life Ins. Co. v. Glenn*, 109 Ga. App. 122, 124 (135 SE2d 442); *Kilgore v. National Life &c. Ins. Co.*, 110 Ga. App. 280 (138 SE2d 397).

2. Under the undisputed facts the plaintiff was a book publisher and the defendant, at the time the alleged indebtedness arose, was a wholesaler of paper back books for the plaintiff. The relationship terminated and a dispute arose as to the defendant's right to return to the plaintiff books which had not been sold. It was undisputed that books which shall be referred to as in "new condition" were returnable and the dispute arose in connection with books which shall be referred to as "shopworn." The defendant contended that it had unlimited return privileges while the plaintiff contended that the right to return books was limited to those in "new condition."

The president of the defendant corporation as well as a wholesaler from Miami, Fla., testified that it was the universal custom to permit wholesalers unlimited return privileges. However, the president of the defendant corporation also testified that prior permission was obtained each time before books were returned to the plaintiff, and that he had been given an opportunity to return books for credit three times since he had ceased being a wholesaler for the plaintiff but had refused to return any books since they had refused to give him credit for "shopworn" books.

The contention of the defendant that sections of the Uniform Commercial Code (*Code Ch.* 109A), are applicable to the present case is without merit inasmuch as the contract out of which the dispute arose was entered into prior to the effective date of such code (see *Code Ann.* § 109A-10—102), and the rights of the parties under such contract are controlled by the law applicable at that time. In the present case the president of the defendant corporation testified that it had refused to return any books although given an opportunity on three occasions to do so. Therefore, the case of *Levy v. McPhail,* 33 Ga. App. 784 (2) (127 SE 793), relied upon by the defendant is not applicable to the case sub judice.

The judgment of the trial court, hearing the case without the intervention of a jury, was authorized by the evidence and, no error of law appearing, such judgment must be affirmed.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*