WILSON *v*. PRUDENTIAL INS. CO. OF AMERICA.

5-3687 396 S. W. 2d 300

Opinion delivered December 6, 1965.

*Ralph E. Wilson,* for appellant.

*Marcus Evard, Swift & Alexander,* for appellee.

Jim Johnson, Associate Justice. This case relates to the right of possession of personal property affixed to mortgaged real estate. On July 19, 1961, Winfred C. Mullen and his wife executed a promissory note and deed of trust to appellee Prudential Insurance Company of America on a home they were purchasing in Osceola. The deed of trust was recorded July 29, 1961. Thereafter the Mullens conveyed the property to Robert A. Slentz and Edith, his wife, who assumed the note and deed of trust. The Slentzes later executed second and third deeds of trust, which are not in issue here. The Prudential deed of trust contained an habendum clause usual in FHA mortgages, as follows:

"To have and to hold the aforedescribed land unto the party of the second part forever, together with all the improvements and appurtenances thereunto belonging, and including all heating, plumbing, and lighting fixtures and equipment thereon or hereafter placed thereon, and said party of the first part hereby covenants with the said party of the second part, that the party of the first part will forever warrant and defend the title to the said lands against all lawful claims whatsoever." The mortgage contained no provisions for future advances.

On June 12, 1962, Chicksaw Electric Company sold and delivered to Slentz a central heating and air conditioning system on a retain title contract. (The record does not show whether Chickasaws's security interest attached before or after installation.) On July 19, 1962, Chickasaw filed its financing statement, perfecting its security interest.

Slentz later defaulted on the obligation to Chicksaw. Chickasaw filed a replevin action against Slentz in Mississippi Circuit Court to recover the heating and air

conditioning equipment installed in the Slentz' residence. On January 6, 1964, Chickasaw obtained a judgment for possession of the equipment or, in the alternative, for $444.80. This judgment was thereafter assigned to appellant Lillie M. Wilson.

On May 9, 1964, the Slentzes having also defaulted on the Prudential deed of trust, appellee commenced foreclosure proceedings in Mississippi Chancery Court, Osceola District. The trial court found that the Slentz' equity of redemption, the second and third deeds of trust, and the Chickasaw judgment and its lien on the equipment were junior to Prudential's deed of trust, and ordered the property sold. From the decree adverse to the Chickasaw judgment, appellant has appealed.

For reversal, appellant urges that she is entitled to possession of the personal property as assignee of the circuit court judgment. Appellant argues logically that Ark. Stat. Ann. § 85-9-313 (Addendum 1961), the Uniform Commercial Code section relative to fixtures, clearly applies. This section of the Commercial Code makes marked changes in the law of fixtures and Chickasaw apparently had carefully observed the provisions of the Code in its atempt to establish its priority over Prudential. Unfortunately for appellant's contention, however, the Prudential deed of trust was entered into and recorded prior to the effective date of the Code (*i. e.,* midnight, December 31, 1961). By law appellant was charged with notice of its existence. Prudential's priority under former law was saved by § 10-102 (6) of Act 185 of the Acts of 1961 (the Code), as follows:

"(6) Transactions validly entered into before the effective date specified in Section 10-101 of this Act, and the rights, duties and interests flowing from them, remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law amended or repealed by this Act as though such repeal or amendment had not occurred."

Appellant has not demonstrated that appellee is not entitled to priority under the law applicable to this deed of trust. The judgment of the chancellor is therefore affirmed.