**Marvin Rinnert and Vera Lee Rinnert, Plaintiffs-Appellants, v. Indianapolis Morris Plan Corporation, Defendant-Appellee.**

**Gen. No. 66–13.**

Fifth District.

September 13, 1966.

Rehearing denied October 7, 1966.

Tolliver, Bayler & Rickelman, of Louisville, for appellants.

Craig & Craig, of Mt. Vernon (Glenn E. Moore, of counsel), for appellee.

MORAN, J.

This is an appeal from a judgment dismissing the plaintiff's complaint. The complaint alleged that, on February 9, 1962, the plaintiffs, Marvin and Vera Lee Rinnert, executed a note to the Dixon Equipment and Manufacturing Company for $70,900, secured by a chattel mortgage on a 1–T–8 National Oil Well Drilling Rig; that the note and mortgage were thereafter assigned to the defendant, Indianapolis Morris Plan Corporation; that on May 21, 1964, the mortgaged property was sold at a public sale, contrary to the provisions of the Ill Rev Stats c 95, § 27, in that the defendant failed to deliver within ten days after the sale a statement showing the items sold, the names of the purchasers, the amount for which each article sold and the necessary, reasonable expenses incurred in taking, keeping, and selling the property. The complaint then sought to enforce the penalty provision of the statute, which provides that "the owner of said property may sue for and recover one-third of the value of the property so sold, from the mortgagee or person making said sale as assignee of said mortgage" in the event the mortgagee fails to comply with the statute.

The defendant's motion to dismiss alleged that the statute authorizing the penalty had been repealed by express provisions of the Uniform Commercial Code, which had become effective on July 1, 1962. The court granted the motion to dismiss and the plaintiffs appealed. The sole issue on this appeal is whether the penalty provision of the Ill Rev Stats, c 95, § 27, is applicable to property mortgaged in February, 1962, prior to the effective date of the Illinois Uniform Commercial Code, and sold in May, 1964, subsequent to the effective date.

389

The Uniform Commercial Code, Ill Rev Stats, c 26, § 10–102(1), specifically repealed c 95, §§ 26, 27. However, § 10–102(2) provides that:

> Transactions validly entered into before the effective date specified in Section 10–101 (July 1, 1962) and the rights, duties, and interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law amended or repealed by this Act as though such repeal or amendment had not occurred.

This savings provision makes former law applicable to transactions entered into prior to the effective date.[1] The defendant, however, argues that section 10–102(2) provides only that rights, duties, and interests flowing from *transactions* remain valid thereafter, not rights, duties, and interests flowing from *repealed statutes*.

Our Supreme Court has recently stated that "the plain meaning of the language used is always the safest guide to follow in construing any act and the courts have no right to read into a statute words not found therein either by express inclusion or by fair implication." Hagen v. City of Rock Island, 18 Ill2d 174, at 179, 163 NE2d 495. The plain meaning of the savings provision is that rights, duties, and interests flowing from a transaction, whether statutory or not, may be

[1] See the "Illinois Code Comments" under chapter 26, section 10–102, Smith-Hurd Illinois Annotated Statutes and the comments preceding the "Appendix to Illinois Commercial Code" in the same volume where section 27 of chapter 95 of the Smith-Hurd Illinois Revised Statutes is set out as one of the prior laws repealed by the code but which continues to be applicable to transactions validly entered into before the effective date of the code.

terminated, completed, or consummated under the provisions of the old statutes when the transaction was entered into prior to July 1, 1962. This is the same interpretation which other jurisdictions have given to the identical provision. First Nat. Bank of Marysville v. Bahan, 26 Ohio App2d 429, 198 NE2d 272; James Talcott, Inc. v. Shulman, 82 NJ Super 438, 198 A2d 98; Boeing Airplane Co. v. O'Malley, 329 F2d 585 (8th Cir); Roller v. Jaffe, 387 Pa 501, 128 A2d 355; Paramount Paper Products Co. v. Lynch, 182 Pa Super 504, 128 A 2d 157.

The penalty provision of chapter 95, section 27, was applicable to the sale of the mortgaged property and therefore the complaint should not have been dismissed.

The judgment of the trial court is reversed and this case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.