GENERAL ELECTRIC CREDIT CORPORATION, A CORPORATION, APPELLANT, V. WESTERN CRANE & RIGGING CO., A PARTNERSHIP, ET AL., APPELLEES.

165 N. W. 2d 409

Filed March 21, 1969. No. 37083.

Wright, Simmons & Hancock, for appellant.

Lovell & Raymond, for appellee Western Crane & Rigging Co.

Dawson, Nagel, Sherman & Howard, for appellee American Nat. Bank of Denver.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The district court declared that plaintiff had no property interest in a truck crane. Plaintiff on appeal contends it had perfected a security interest by filing a contract and assignment for conditional sale of the equipment under pre-code law of Colorado. Defendant contends: (1) Local law of New Mexico, not Colorado, governed perfection of the security interest and possibility and effect of filing; (2) plaintiff failed to file the contract and assignment in the county prescribed by Colorado law; and (3) subsequent transfer of the truck crane from a merchant to defendant, a buyer in ordi-

nary course of business under the Uniform Commercial Code, cut off the security interest.

The debtor, Robert Deline, had been a bridge contractor maintaining his chief place of business at Broomfield, Boulder County, Colorado. The conditional seller, Fincham Equipment Company, Inc., was maintaining its chief place of selling, leasing, and servicing heavy construction equipment at Commerce City, a Denver suburb located in Adams County. Fincham contracted there for conditional sale of the truck crane to Deline on November 23, 1965. Fincham's interest was assigned to plaintiff the same day.

The truck crane was situated in New Mexico on November 23, 1965, the date of the conditional sale. About December 3 Deline moved it to a job site in Arizona. It was never situated in Boulder County during the time covered by the evidence. Plaintiff recorded the conditional sale contract and assignment in Boulder County on December 3, when the equipment was in New Mexico, Arizona, or both states.

Deline in early 1966 transferred his chief office to the Arizona job site, storing materials on a lot owned by his mother-in-law and located in Commerce City, Colorado. On August 1 he delivered the truck crane to Fincham for repair and repaint — a job which Fincham finished in the first half of September.

Charles Rickus, a member of defendant, a partnership, personally inspected the truck crane in Fincham's yard September 20, 1966. After inspection Rickus as agent purchased the equipment from Fincham which issued defendant a bill of sale. The next day Deline signed an agreement renting the equipment to Fincham for a term of approximately 28 months. Soon after the death of its president in February 1967, Fincham went into bankruptcy and Deline defaulted on the conditional sale contract. Defendant qualified as a buyer in ordinary course of business. The evidence, including some not summarized, is concededly insufficient to support a find-

ing of consent by plaintiff to the Fincham-defendant transaction.

Regarding applicability of New Mexico local law to determine enforceability of plaintiff's security interest, defendant looks to pre-code choice-of-law rules. The reference is erroneous. The Code which went into effect in Nebraska on September 2, 1965, provides for choice of law: "(2) If the chief place of business of a debtor is in this state, this article governs the validity and perfection of a security interest and the possibility and effect of proper filing with regard to general intangibles or with regard to goods of a type which are normally used in more than one jurisdiction (such as * * * construction machinery * * *) if such goods are, classified as equipment or classified as inventory by reason of their being leased by the debtor to others. Otherwise, the law (including the conflict of laws rules) of the jurisdiction where, such chief place of business is located shall govern. * * *." § 9-103 (2), U. C. C.

Colorado in 1965 generally provided for recordation of a security agreement in the county in which the collateral was situated. §§ 21-1-4 and 21-1-16, C. R. S. 1963. Recordation of a mortgage on a diesel tractor in the county of situs was approved in Rosenthal v. Whitehead, 159 Colo. 565, 413 P. 2d 909. The court earlier in another case had approved a filing on October 18, 1954, of a purchase money mortgage on truck tires in the county of the debtor's residence. The sale, mounting of the tires on the truck, and delivery of the mortgage had occurred September 27, 1954, in another county of Colorado. Between September 27, 1954, and April 1, 1955, the debtor operated the truck on a route with terminals in the states of Florida and Washington. Situs of the truck during that period was otherwise unknown. The court said: "* * * 'the words "shall be situated" * * * mean permanently situated.' * * * Regardless of the fact that it may be in constant movement, a motor vehicle, presumptively at least, should

have its situs under the circumstances here presented at the residence of the owner." Rabtoay General Tire Co. v. Colorado Kenworth Corp., 135 Colo. 110, 309 P. 2d 616.

The truck crane in the present case had no permanent situs from November 23 to December 3, 1965. Plaintiff in our opinion of Colorado law recorded the conditional sale contract and assignment in the proper county. Defendant would prevail, nevertheless, if Code law alone were applicable. See, §§ 155-2-403 (2) and 155-9-307 (1), C. R. S. 1963; Official Comment 4, § 9-306, U. C. C. A pre-code security interest may, however, survive the interest subsequently acquired by a buyer in ordinary course of business. "Transactions validly entered into prior to the effective date of this chapter and the rights, duties, and interests flowing from them remain valid thereafter and may be terminated, completed, consummated, or enforced as required or permitted by any statute or other law amended or repealed by the enactment of this chapter as though such repeal or amendment had not occurred." § 155-10-101 (2), C. R. S. 1963.

Defendant purchased the truck crane subject to plaintiff's security interest. The judgment is reversed and the cause remanded for proceedings in accordance with this opinion.

REVERSED AND REMANDED.