**Miller v. Perkal**

*Frederick T. Bebbington,* for plaintiff.
*Harold B. Vikoren,* for defendant.

WALSH, JR., J., June 20, 1973.—This matter is before the court on petition of wife-defendant to open a judgment entered by plaintiff pursuant to a warrant of attorney contained in a printed promissory note signed by petitioner and her deceased husband. The genesis of the note was a business venture, a beer distributorship, entered into between plaintiff and petitioner's husband, Benjamin Perkal, in corporate form as equal owners. Plaintiff supplied the capital and the husband the talent. Shortly after the operation of the business commenced, plaintiff and Mr. Perkal discussed selling it. Plaintiff requested Mr. Perkal and his wife to sign a note to protect the sums which plaintiff had paid into the business as well as future contemplated advances. Plaintiff testified on deposition that he estimated the sums to be about $30,000, subject to an exact determination by the corporation's accountant. When asked why he prepared the note in this sum when he was entitled only to one half as a half owner, he testified it was his intention to demand only one-half reimbursement if Mr. Perkal gave his best efforts to the business, but if Mr. Perkal should act unethically and dissipate the funds, he would expect to be reimbursed $30,000. Mr. Perkal died before the business was sold. There is testimony by plaintiff that at Mr. Perkal's death, plaintiff indicated to his widow, the present petitioner, a

readiness to settle his claim on the note in the sum of $15,000.

The grounds for relief stated in the petition are four in number:

1. Fraud.
2. Lack of consideration.
3. The note represents an obligation of a corporation and not of petitioner.
4. If petitioner is liable, she is liable only as an accommodation maker.

The fraud alleged is that the note was tendered to petitioner in blank for execution and that plaintiff informed petitioner the amount would be filled in in the sum of $15,000, and that thereafter it was filled in the sum of $30,000. Plaintiff disputes this factual allegation. A party relying on fraud has the burden of proof by evidence which is "clear, direct, precise and convincing": Sterling Electric & Furniture Co. v. Peterson, 409 Pa. 435, 440 (1963). The evidence offered on deposition indicates that the amount claimed by plaintiff may indeed be closer to $15,000 than $30,000 and that the higher figure has not been justified. This fact is not, of itself, fraud, however, in light of the circumstances of this case. A petition to open a judgment is addressed to the equitable powers of the court. If it should appear that a judgment entered by confession is in excess of the amount due, the court has the authority to open it to such extent as may be necessary to do justice, and to continue it as to the balance: Keystone Bank of Spangler v. Booth, 334 Pa. 545 (1939).

The second ground for relief stated in the petition is lack of consideration. It is sufficient to observe that the note was executed under seal and that the seal imports consideration: Smith v. Lenchner, 204 Pa. Superior Ct. 500 (1964); Linnet v. Landa, 19 Bucks 438

(1969). This fact is dispositive of petitioner's additional point that the note is an obligation of the corporation and not of her personally.

Petitioner urges also that if the note is determined to have been binding on her deceased husband, she is liable only as an accommodation maker for him. The general rule is that when two or more persons execute a promissory note, they are jointly and severally liable. The liability of the maker does not depend upon the person for whose accommodation the note is made, but upon the situation in which the maker has placed himself by assuming the position of a principal debtor: Roller v. Jaffee, 387 Pa. 501 (1957); Macy v. Oswald, 198 Pa. Superior Ct. 435 (1962). In this case, there is evidence that petitioner assisted her husband in his business, that she was familiar with the details of the financial arrangements culminating in the signing of the note, and that she signed knowing that plaintiff required the note as a condition of his continuing to put sums of money into the business. Success of the business was a benefit to her as well as to her husband.

We conclude that Roslyn Perkal is liable to plaintiff on the note and that the exact sum due plaintiff is at this time uncertain. This will have to be determined at an evidentiary hearing.

## ORDER

And now, June 20, 1973, it is ordered that the petition to open the judgment is granted to the extent that the sum of money in which the judgment has been entered exceeds the amount due to plaintiff from petitioner. An evidentiary hearing to determine the amount due will be scheduled on motion of either party.