Marie E. COMER, et al., Plaintiffs,

v.

GETTY OIL COMPANY, et al., Defendants.

Superior Court of Delaware,
New Castle County.

Ready for Decision Aug. 13, 1981.

Decided Oct. 27, 1981.

Revised Dec. 8, 1981.

Thomas D. Whittington, Jr. (argued), of Wilson & Whittington, Wilmington, for plaintiffs.

B. Wilson Redfearn (argued), of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant Allis-Chalmers Corp.

William F. Taylor, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant Getty Oil Co.

Lawrence C. Ashby, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant E. I. duPont deNemours & Co.

Gary W. Aber, of Biggs & Battaglia, Wilmington, for defendant Miller Stephenson.

Richard R. Wier, Jr., of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant Montgomery Ward.

TAYLOR, Judge.

Plaintiff's decedent [decedent] was killed while working as an employee of defendant Catalytic, Inc. [Catalytic] while performing electrical work at the Delaware City Refinery of defendant Getty Oil Company [Getty]. The accident which resulted in decedent's death occurred January 13, 1975. Suit was filed January 11, 1977. The complaint alleges that decedent's death was the result of negligence and breach of implied warranty of fitness with respect to the design and manufacture of a tie breaker by Allis-Chalmers Corporation [Allis-Chalmers]. The tie breaker was purchased by Getty in 1955 and installed in 1956. It appears that Allis-Chalmers had no further relationship to the tie breaker after selling it in 1955.

I

The issues raised by Allis-Chalmers require initial consideration of whether or not this case is governed by the Uniform Commercial Code which was enacted in this State (with minor modification) in 1967 by 55 *Delaware Laws* Ch. 349, 6 *Del.C.* Subtitle I. Allis-Chalmers sold the tie breaker to Getty in 1955.

■ 6 *Del.C.* § 10–101 provides "This subtitle applies to transactions entered into

and events occurring after June 30, 1967." The effect of this language is that the UCC does not apply to or affect rights and transactions arising or occurring prior to the effective date of its enactment. 4 Anderson *Uniform Commercial Code* § 10–101:3, –:5, –:6, pp. 651–4. Addressing this issue in the context of the statute of limitations, 6 *Del.C.* § 2–725(4) provides:

> This section does not alter the law on tolling the statute of limitations nor does it apply to causes of action which have accrued before this subtitle became effective.

■ The sale and delivery occurred in 1955, before Delaware enacted the UCC. This sale is not a transaction entered into after June 30, 1967. Cf. 6 *Del.C.* § 10–101.

Plaintiff urges that since the injury occurred in 1975 it is an event which occurred after the enactment of the UCC in 1967, plaintiff should be afforded the protection of that Code. Plaintiff has cited no authority in support of that proposition.

Cases which have considered the applicability of the UCC provisions to contracts which were entered into prior to enactment of the UCC have generally held that the law which was in effect at the time the contract was entered into would govern the substantive rights of the parties under the contract and are not affected by the subsequently enacted UCC provisions. *General Electric Credit Corp. v. Western Crane and Rigging Co.*, Neb.Supr., 184 Neb. 212, 166 N.W.2d 409 (1969); *First National Bank v. Bahan*, Ohio C.P., 198 N.E.2d 272 (1964); *Peachtree News Co. v. MacMillan Co.*, Ga. App., 112 Ga.App. 556, 145 S.E.2d 666 (1965); *Rinnert v. Indianapolis Morris Plan Corp.*, Ill.App., 74 Ill.App.2d 388, 220 N.E.2d 256 (1966); *Wilson v. Prudential Ins. Co.*, Ark.Supr., 239 Ark. 1071, 396 S.W.2d 300 (1965); *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 4 Cir., 579 F.2d 856 (1978); *Toulon v. Nagle*, Wis.Supr., 67 Wis.2d 233, 226 N.W.2d 480 (1975); *Blakeney v. Dee*, Ala.Supr., 363 So.2d 313 (1978); *First National Bank v. Jack Mathis General Contractor, Inc.*, Or.Supr., 274 Or. 315, 546 P.2d 754 (1976); *Roller v. Jaffe*, Pa.Supr.,

387 Pa. 501, 128 A.2d 355 (1957); *Paramount Paper Products Company v. Lynch*, Pa.Supr., 182 Pa.Super. 504, 128 A.2d 157 (1956).

This Court in *Kates v. Pepsi-Cola Bottling Co. of Salisbury, Md.*, Del.Super., 263 A.2d 308 (1970); and *Moore v. Douglas Aircraft Co.*, Del.Super., 282 A.2d 625 (1971) held that the provisions of the UCC did not apply to transactions occurring prior to Delaware's enactment of that statute. Plaintiff points out that in *Salisbury* and *Moore* the injury as well as the sale occurred before Delaware's enactment of the UCC.

Plaintiff urges that since the injury occurred in 1975 it is an event which occurred after the enactment of the UCC in 1967, and hence, under the alternative wording of 6 *Del.C.* § 10–101.

A careful consideration of the scope of the statutory reference to events occurring after enactment of the UCC is found in *Florida Power & Light Co. v. Westinghouse Electric Corp.*, supra. In that case, a contract to apply fuel over a period of years for a nuclear power plant was entered into before the effective date of the UCC. Six years after execution of the contract and five years after the UCC became effective an option provided under the contract was exercised, and two years thereafter the alleged breach of contract occurred which was the basis of the suit. The Court held that the exercise of a pre-existing option and a subsequent contractual default were not "events" which would cause the rights of the parties to be governed by the UCC even though they occurred subsequent to its enactment. Specifically, the Court rejected the contention that "acts done pursuant to the contract should be construed as 'events' bringing the contract within the UCC purview". Similar holdings have been made in *First National Bank v. Bahan*, supra; *Rinnert v. Indianapolis Morris Plan Corp.*, supra; and *Toulon v. Nagle*, supra.

While it is true that the injury to plaintiff occurred after that date, the transactions and events relating to the sale occurred prior to that date. Plaintiff has cited no case or authority in support of the

contention that the date of the injury should determine the right to invoke implied warranty based upon an earlier sale where the law has been changed subsequent to sale and delivery of goods, and the Court has found none. 6 *Del.C.* § 10–102(2) provides:

Transactions validly entered into before the effective date specified in Section 10–101 and the rights, duties and interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law amended or repealed by this subtitle as though such repeal or amendment had not occurred.

Although 6 *Del.C.* § 10–101 does not state that it has no application to sales transactions completed before the effective date of the Act, and §§ 10–102 through 10–104 indicate prospective application, nothing appears in the Act indicating a legislative intent to apply the provisions of the Act to transactions completed before its enactment.

## II

As the Delaware law existed prior to enactment of the UCC, Delaware did not recognize a right of action against a manufacturer based upon breach of implied warranty unless privity existed between the plaintiff and the manufacturer. *Ciociola v. Delaware Coca-Cola Bottling Co.*, Del.Supr., 172 A.2d 252 (1961); *Cline v. Prowler Industries of Md., Inc.*, Del.Supr., 418 A.2d 968 (1980). It is not contended that privity of contract exists between plaintiff and Allis-Chalmers. Therefore, at the time of the sale of this tie breaker and at least until enactment of the UCC in 1967 Allis-Chalmers owed no duty to those who were not in privity of contract with it who might be injured by an unfit product nor did those who were injured because of such product who lacked privity of contract have a right of action against Allis-Chalmers based upon breach of implied warranty.

■ It is generally recognized that a statute will not be given retroactive application which affects substantive rights, at least in the absence of language showing a clear legislative intent to give retroactive effect. *Monacelli v. Grimes*, Del.Supr., 99 A.2d 255 (1953); *Eudaily v. Harmon*, Del. Supr., 420 A.2d 1175 (1980).

6 *Del.C.* § 2–318 provides:

A seller's warranty whether expressed or implied extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty.

The Delaware Study Comment which accompanied that Section recognized that the effect of that Section was to modify Delaware law as it existed under the *Ciociola* decision. This modification was recognized by the Delaware Supreme Court in *Cline v. Prowler Industries of Md., Inc.*, supra.

■ The thrust of 6 *Del.C.* § 2–318 is to govern the nature and beneficiaries of the seller's warranties which flow from a sale of goods. The significant transaction, therefore, is the sale or delivery of the goods, since the warranty relates to the satisfactory nature of the goods. Therefore, the significant point in time which determines rights and liabilities of the parties with respect to a simple sale of goods is the date of delivery of the goods by the seller to the purchaser. This conclusion is in harmony with the language of 6 *Del.C.* § 2–725(2).

Since it is clear that 6 Del.C. § 2–318 creates rights with respect to persons who are not in privity with the seller of goods which did not exist in Delaware prior to enactment of that Section, and since the UCC does not contain language showing a legislative intent to make its provisions applicable to sales which occurred prior to its enactment, I conclude that plaintiff's rights against Allis-Chalmers are governed by *Ciociola* and not by 6 *Del.C.* § 2–318. The cause of action asserted by plaintiff against Allis-Chalmers for breach of implied warranty does not meet the *Ciociola* requirement of privity.

## III

■ Allis-Chalmers contends that if the UCC is found to be applicable the decision

of the Supreme Court of Delaware in *Johnson v. Hockessin Tractor, Inc.*, Del.Supr., 420 A.2d 154 (1980) bars recovery by plaintiff. *Johnson* involved personal injuries resulting from the use of a tractor which the injured plaintiff purchased from the defendant in 1971. The injury occurred in 1974 and suit was filed in 1976. The issue before the Court was whether the applicable statute of limitations was 10 *Del.C.* § 8119 which requires suit within 2 years after the cause of action for personal injury accrued, which has been construed to commence at the time of the injury, or 6 *Del.C.* § 2–725, which requires suit within 4 years after the delivery of the property (subject to certain exceptions not applicable here). After reviewing the cases from other jurisdictions which have dealt with this problem, and the divergent results which have been reached in other states, the Delaware Supreme Court held that the applicable statute of limitations governing personal injury claims based upon breach of implied warranty relating to goods is 6 *Del.C.* § 2–725 and that its enactment impliedly repealed 10 *Del.C.* § 8119 with respect to such claims.

I conclude that if the UCC is applied, plaintiff's cause of action for breach of implied warranty is barred because it was not brought within four years after delivery of the goods.

## IV

In summary, Count V, which asserts breach of implied warranty against Allis-Chalmers, is barred under 6 *Del.C.* § 2–725 if 6 *Delaware Code* Subtitle I (Uniform Commercial Code as modified) is applied, since suit was brought more than four years after delivery of the goods and if 6 *Delaware Code* Subtitle I is not applied, the cause of action fails because privity does not exist between plaintiff and Allis-Chalmers. No fact dispute exists pertinent to the issues discussed herein. The conclusions reached herein accord to plaintiff the most favorable view of the factual material and the reasonable inferences therefrom. *Continental Oil Co. v. Petroleum, Inc.*, Del.

Supr., 251 A.2d 824 (1969); *Sweetman v. Strescon Industries, Inc.*, Del.Super., 389 A.2d 1319 (1978). Accordingly, the motion of defendant Allis-Chalmers Corporation for summary judgment is granted with respect to Count V.

IT IS SO ORDERED.